**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **L.J.T. VENTURES, LLC,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | No. _____ |
| | : | |
| **STELLAR ALL STAR CHEER ACADEMY,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| **Defendant.** | : | |

**COMPLAINT**

Plaintiff L.J.T. Ventures, LLC ("Plaintiff"), by and through its undersigned

counsel, brings this action for trademark infringement against Defendant Stellar All Star

Cheer Academy ("Defendant"), arising out of Defendant's unauthorized use of Plaintiff's

service marks.  In support of this complaint, Plaintiff alleges and states as follows:

**NATURE OF THE ACTION**

1.      This is an action for (i) federal unfair competition under 15 U.S.C.

§ 1125(a); (ii) trademark infringement under Pennsylvania common law; (iii) unfair

competition under Pennsylvania common law; and (iv) unjust enrichment.

2.      The subject matter of this action includes Plaintiff's service marks, which

have been used in commerce for many years in association with cheerleading training

services and cheer tumble instruction services.

3.      Defendant has committed acts of unfair competition against Plaintiff and

infringed Plaintiff's service marks in its advertisement and sale of competing

cheerleading services through the use and promotion of a confusingly similar name to

Plaintiff's service marks.

## THE PARTIES

4.    Plaintiff L.J.T. Ventures, LLC, is a limited liability corporation organized and existing under the laws of Pennsylvania, with an address of 4703 Clover Lane, Doylestown, PA 18902.

5.    Plaintiff does business as Stellar Elite All-Stars, a business providing cheerleading training services and cheer tumble instruction to children in the Pennsylvania, New Jersey, and Delaware regions.

6.    On information and belief, Defendant is a Pennsylvania business having a principal place of business at 126 Leverington Ave., Philadelphia, PA 19127.

7.    On information and belief, Defendant provides cheerleading training services and cheer tumble services to children.

## JURISDICTION AND VENUE

8.    This Court has original subject matter jurisdiction over Plaintiff's claims against Defendant under 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121, in that this action arises under the trademark laws of the United States, 15 U.S.C. § 1125(a), and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9.    This Court has personal jurisdiction over Defendant because Defendant has caused tortious injury to Plaintiff in the Eastern District of Pennsylvania and, on information and belief, because Defendant resides and regularly solicits and transacts business in the Eastern District of Pennsylvania.

10.    Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and (d) because Defendant is subject to personal jurisdiction in this District, because Defendant

has committed acts of infringement in the Eastern District of Pennsylvania, and, on information and belief, because Defendant resides and regularly solicits and transacts business in the Eastern District of Pennsylvania.

## FACTS

### Plaintiff's Marks

11.  In 2005, Plaintiff's predecessor-in-interest, Stellar Cheer Inc. ("SCI"), began providing cheerleading training services and cheer tumble instruction under each of the following service marks ("Plaintiff's Marks"): STELLAR, STELLAR CHEER, STELLAR CHEER ALL-STARS, STELLAR ELITE, and STELLAR ELITE ALL-STARS.

12.  SCI continuously provided cheerleading training services and cheer tumble instruction under Plaintiff's Marks from 2005 until July 1, 2011.

13.  SCI's cheerleading teams had attended and competed in cheerleading competitions in Pennsylvania, New Jersey, and Delaware.

14.  SCI maintained a website advertising its services using Plaintiff's Marks.

15.  SCI spent considerable amounts of time and money in advertising and promoting its services under Plaintiff's Marks.  Examples of SCI's advertisements are attached hereto as **Exhibit 1**.

16.  On July 1, 2011, SCI sold to Plaintiff substantially all assets of SCI, including all right, title, and goodwill in Plaintiff's Marks.

17.  Plaintiff, doing business as Stellar Elite All-Stars, has continued its predecessor-in-interest's business of providing cheerleading training services and cheer tumble instruction under Plaintiff's Marks.

18.     Plaintiff continues to services to residents of Pennsylvania.

19.     Plaintiff's cheerleading teams have plans to compete in cheerleading competitions in Pennsylvania, New Jersey, and Delaware.

20.     Plaintiff continues to spend considerable time and money in advertising its services using Plaintiff's Marks.

21.     Plaintiff maintains a website advertising its services using Plaintiff's Marks.  A copy of Plaintiff's website is attached hereto as **Exhibit 2**.

22.     As a result of the above actions by Plaintiff and its predecessor-in-interest SCI, Plaintiff's Marks enjoy substantial goodwill and consumer recognition in the area of cheerleading training services and cheer tumble instruction in at least the Pennsylvania, New Jersey, and Delaware regions.

23.     Exemplary of this recognition, Plaintiff's services (in association with Plaintiff's Marks) have been recognized in newspapers distributed in Pennsylvania and on the Internet.  An example of such recognition is attached hereto as **Exhibit 3**.

24.     Plaintiff owns U.S. Trademark Application No. 85/090,362 for "STELLAR CHEER ALL-STARS" in International Class 041 for cheerleading training and cheer tumble instruction ("Plaintiff's Trademark Application").

<b><u>Defendant's Infringement</u></b>

25.     On information and belief, Defendant provides cheerleading training services and cheer tumble instruction to children under the service mark "Stellar All Star Cheer Academy" ("Defendant's Mark").

26.     On information and belief, Defendant provides its services to Pennsylvania residents, and has advertised its services to Pennsylvania residents using Defendant's Mark.

27.     Defendant's cheerleading teams have on more than one occasion attended the same competitions as Plaintiff's cheerleading teams.

28.     Defendant maintains a website advertising its services using Defendant's Mark.  A copy of Defendant's website is attached hereto as **Exhibit 4**.

29.     On information and belief, Defendant adopted Defendant's Mark in 2010, five years after Plaintiff's predecessor in interest first began using Plaintiff's Marks.

30.     On information and belief, Defendant was aware of Plaintiff's Marks and/or Plaintiff's cheerleading teams prior to adopting Defendant's Mark.

31.     Defendant's Mark is confusingly similar to Plaintiff's Marks, and Defendant's use thereof has caused actual confusion among consumers of cheerleading training services and cheer tumble instruction.

32.     Defendant's use of Defendant's Mark at cheerleading competitions has caused actual confusion between Defendant's and Plaintiff's cheerleading teams.

33.     The design of Defendant's website is confusingly similar to Plaintiff's website.

34.     On information and belief, Defendant modeled at least portions of its website, including the styling of the word "Stellar", based on Plaintiff's designs and advertisements.

35.   On information and belief, Defendant adopted Defendant's Mark in a bad faith attempt to trade on the goodwill accumulated by Plaintiff and Plaintiff's predecessor in Plaintiff's Marks.

36.   On May 11, 2011, Defendant filed a Notice of Opposition in relation to Plaintiff's Trademark Application. In the Notice of Opposition, Defendant alleged that it has used the words "Stellar" and "Stellar Allstars" to advertise its services since April 2010.

37.   In the Notice of Opposition, Defendant acknowledged that there is confusing similarity between Defendant's Mark and Plaintiff's STELLAR CHEER ALL-STARS Trademark.

## COUNT 1

### (Federal Unfair Competition/False Designation of Origin)

38.   Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.   Defendant's use in commerce of Plaintiff's Marks, and confusingly similar variations thereof, in advertising and promoting its services constitutes a false designation of origin and a false description, which falsely indicates that Defendant's services originate from or are affiliated with or are endorsed by Plaintiff.

40.   Defendant's use of Plaintiff's Marks, and confusingly similar variations thereof, is likely to divert business from Plaintiff to Defendant, and cause damage to Plaintiff's business representation, image, and goodwill.

41.   Defendant's acts constitute unfair competition and false designation of origin, and are a violation of 15 U.S.C. § 1125(a).

42. Defendant's acts have caused irreparable damage and injury to Plaintiff, and are likely to continue to cause irreparable injury to Plaintiff unless Defendant is enjoined and restrained by this Court from further use of Plaintiff's Marks, and confusingly similar variations thereof, in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT 2

### (Common Law Trademark Infringement)

43. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. Plaintiff has used and is the owner of Plaintiff's Marks in the State of Pennsylvania.

45. The use and advertising of Plaintiff's Marks, and confusingly similar variations thereof, by Defendant constitutes trademark infringement in violation of the common law of Pennsylvania, and causes a likelihood of confusion, deception, and mistake.

46. Defendant has adopted, used, marked, and promoted its services in bad faith in an attempt to trade on Plaintiff's reputation and goodwill.

47. Defendant's infringement is knowing, deliberate and willful.

48. Defendant's acts have caused irreparable damage and injury to Plaintiff and are likely to continue to cause irreparable injury to Plaintiff unless Defendant is enjoined and restrained by this Court from further use of Plaintiff's Marks, and confusingly similar variations thereof, in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT 3

### (Common Law Unfair Competition/False Designation of Origin)

49.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.    Defendant's use in commerce of Plaintiff's Marks, and confusingly similar variations thereof, in advertising and promoting its services constitutes a false designation of origin and a false description, which falsely indicates that Defendant's services originated from or are affiliated with or are endorsed by Plaintiff.

51.    Defendant's use of Plaintiff's Marks, and confusingly similar variations thereof, is likely to divert business from Plaintiff to Defendant, and cause damage to Plaintiff's business representation, image, and goodwill.

52.    Defendant's acts constitute unfair competition and false designation of origin in violation of the common law of Pennsylvania.

53.    Defendant's acts have caused irreparable damage and injury to Plaintiff, and are likely to continue to cause irreparable injury to Plaintiff unless Defendant is enjoined and restrained by this Court from further use of Plaintiff's Marks, and confusingly similar variations thereof, in a manner that confuses, misleads, misrepresents and deceives consumers.

## COUNT 4

### (Unjust Enrichment)

54.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55.    This cause of action a rises under the common law of Pennsylvania

56.    As a result of the acts and activities complained of herein, Defendant has been unjustly enriched, and Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff asks that this Court grant relief as follows:

A.    A judgment that Defendant has committed acts of unfair competition and false designation of origin under 15 U.S.C. § 1125(a);

B.    A judgment that Defendant has infringed Plaintiff's Marks under Pennsylvania common law;

C.    A judgment that Defendant has committed acts of unfair competition and false designation of origin under Pennsylvania common law;

D.    A judgment that Defendant has been unjustly enriched;

E.    An order preliminarily and permanently enjoining Defendant from using Plaintiff's Marks, and confusingly similar variations thereof, alone or in combination with words, as a trademark, trade dress, service mark, or otherwise to market, advertise, or identify Defendant or its services;

F.    An award of the amount by which Defendant has been unjustly enriched;

G.    An award of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(b); and

H.    For such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues in this action so triable.

Respectfully submitted,

Dated: _12/8/11_

Benjamin E. Leace (Pa. No. 54281)
Andrew J. Koopman (Pa. No. 210026)
RatnerPrestia
1235 Westlakes Drive
Suite 301
Berwyn, PA 19312
(610) 407-0700

ATTORNEYS FOR PLAINTIFF,
*L.J.T. Ventures, LLC*

1427510